**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1116
_____

CHRISTOPHER WASHINGTON,
Appellant

v.

LEO HANSHAW; WILLIAM KANE; STEVEN O'CONNOR;
TOWNSHIP OF UPPER DARBY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-11-cv-00254)
Magistrate Judge: Elizabeth T. Hey
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 24, 2013

Before:  CHAGARES, VANASKIE, and SHWARTZ *Circuit Judges.*

(Filed : January 9, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Christopher Washington appeals an order of the District Court entering judgment

on the pleadings against him and in favor of Upper Darby Township and three of its law

enforcement officers (collectively, "Appellees"). Although our reasoning differs

somewhat from that of the District Court, we will affirm because we agree that Washington has failed to establish a violation of his constitutional rights that is actionable under 42 U.S.C. § 1983, and Appellees were therefore entitled to judgment on the pleadings.

I.

On February 23, 2005, Washington was stopped by police officers as he walked along a street in Upper Darby Township, PA. Washington provided a false name, birthday, and address to the police. Unable to confirm his identity, the officers arrested Washington and brought him to the police station. On the way to the station, Washington discarded several packets of crack cocaine in the back seat of the police vehicle, which the officers subsequently recovered.

Washington was charged with drug-related offenses and with false identification to law enforcement. He moved to suppress the drug evidence, arguing that the police lacked probable cause to arrest him and that the evidence was therefore fruit of the illegal arrest. In the Affidavit of Probable Cause, the police officers indicated that they stopped Washington because he fit the description of a robbery suspect known to be in the area at that time. Washington disputes the information contained in the Affidavit of Probable Cause, alleging that the police fabricated it after they discovered the drug evidence in the back of the police vehicle. Appellees deny this allegation.

The trial court denied Washington's motion to suppress, and he was ultimately convicted of all charges. He was sentenced to three to six years for possession with intent to deliver narcotics. On appeal, the Superior Court of Pennsylvania reversed the

trial court's finding of probable cause and vacated Washington's drug conviction. The Superior Court also reversed Washington's conviction for false identification.

After his release, Washington filed this civil rights action alleging violations of his Fourteenth Amendment procedural and substantive due process rights, which he asserts "caused him to be wrongfully incarcerated for over 1,000 days." (Appellant's Br. 3.) The Defendants moved for judgment on the pleadings. On December 12, 2012, the District Court granted Defendants' motion. Washington filed this timely appeal.[1]

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3-4). We have jurisdiction under 28 U.S.C. § 1291. Our review of a motion for judgment on the pleadings is plenary. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005). Judgment will be entered on the pleadings if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Id.* at 220. As with a motion to dismiss, we must view the facts presented in the pleadings in the light most favorable to the nonmoving party. *Id.*

## A.

The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides that "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." To succeed in a § 1983 claim, a plaintiff must "prove two

[1] Washington is no longer pursuing a claim against Upper Darby Township.

essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). It is undisputed that the officers acted under color of state law; thus, only the second element – whether Washington was deprived of any constitutional right – is relevant here.

Section 1983 does not confer any substantive rights. Rather, it "merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotations and citations omitted). Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.*

Washington initially characterized this action as a claim of malicious prosecution. He later withdrew that claim, however, because his admitted guilt precluded him from establishing a malicious prosecution. In addition, Washington concedes that, "although he was falsely arrested, he was unable to allege that constitutional violation because it was time-barred." (Appellant's Br. 17.) He nevertheless contends that the Fourteenth Amendment should afford him some relief. He therefore asserts seven proposed causes of action, which he characterizes as "[a] virtual cornucopia of constitutional torts." (Appellant's Br. 24.) Each proposed cause of action is grounded in the Fourteenth Amendment of the United States Constitution: "(1) violation of procedural due process, (2) right to substantive due process, (3) denial of right of access to court, (4) deprivation of right to liberty, (5) wrongful prosecution, (6) wrongful conviction, and (7) wrongful incarceration." (Appellant's Br. 22-23.) We will address each in turn.

4

1. Substantive and Procedural Due Process

Mindful that "[w]e are . . . required by the '[t]he doctrine of judicial self-restraint . . . to exercise the utmost care whenever we are asked to break new ground in [the] field' of substantive due process," *Albright*, 510 U.S. at 287 (Souter, J., concurring in judgment) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992)), we first address Washington's claim that the Defendants violated his substantive due process rights. Reviewing his factual allegations, Washington's claims appear to be twofold: first, he asserts that Defendants violated his rights by arresting him without probable cause, and, second, that they violated his rights by "fabricating the circumstances pertaining to why they stopped him" in their reports and in the Affidavit of Probable Cause. (Appellant's Br. 21.) Absent these alleged violations, Washington argues that either the Commonwealth would never have prosecuted him, or evidence of the drugs would have been suppressed at the pretrial hearing and he would not have been tried or convicted. The damages he claims arise out of his "loss of liberty" during his post-arrest and post-conviction incarceration.[2] (Appellant's Br. 23.)

The problem for Washington's due process claim is that he fails to establish a nexus between the police conduct he alleges and the constitutional provision he claims that conduct violated. Washington's claim is akin to a claim asserting "a substantive right under the Due Process Clause of the Fourteenth Amendment to be free from criminal prosecution except upon probable cause." *Albright*, 510 U.S. at 268. The

---

[2] Following his arrest by Defendants, Washington was incarcerated for more than 1,000 days. He concedes, however, that "[o]f those days, 330 were due to a detainer which was lodged against him due to a prior conviction; [and] about 680 days were solely due to his conviction." (Appellant's Br. 27.)

Supreme Court has made clear, however, that such a right does not sound in substantive due process. *Id.* at 275. Rather, the Court has held that, if a right to be free from prosecution absent probable cause exists, it must instead be grounded on the Fourth Amendment's prohibition on unreasonable searches and seizures. *Id.* at 273 ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'") (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Accordingly, to the extent Washington's substantive due process claim is predicated on damages resulting from an unconstitutional seizure, that claim is clearly foreclosed by *Albright*.

Furthermore, our precedents are clear that § 1983 plaintiffs alleging arrest and prosecution absent probable cause may bring malicious prosecution claims under the Fourth Amendment, but are entitled to relief only if they are innocent of the crime for which they were prosecuted. *Hector v. Watt*, 235 F.3d 154, 156 (3d Cir. 2000). In *Hector*, we specifically held that a party seeking damages under § 1983 for malicious prosecution could not "recover the litigation expenses incurred because police officers discovered criminal conduct during an unconstitutional search." *Id.* at 157. At the core of our holding in *Hector* was the principle that "[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." *Id.* (quoting *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999)). Quoting the U.S. Court of Appeals for the Second Circuit, we concluded that "[v]ictims of unreasonable searches or seizures may recover damages directly related to the invasion of

6

their privacy—including (where appropriate) damages for physical injury, property damage, injury to reputation, etc.; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." *Id.* (quoting *Townes*, 176 F.3d at 148).

We believe our reasoning in *Hector* compels the result here, notwithstanding Washington's reliance on the Fourteenth rather than the Fourth Amendment. The conduct and the harm Washington alleges are the same types as those asserted in *Hector*: the police discovered incriminating evidence in the course of a search later determined to be unconstitutional. *See Hector*, 235 F.3d at 155. Washington cannot escape *Hector's* strictures by renaming his cause of action something other than malicious prosecution, or by attempting to ground it in the Fourteenth Amendment despite the fact that the Fourth Amendment "provides an explicit textual source of [such] constitutional protection." *See Graham*, 490 U.S. at 395.

Washington also argues that he is entitled to relief based upon Defendants' alleged fabrication of evidence of probable cause. For support, he cites *Laughman v. Pennsylvania*, No. 1:05-CV-1033, 2007 WL 2345295, at *8 (M.D. Pa. Aug. 16, 2007), an unpublished opinion of the Middle District of Pennsylvania which concluded that a plaintiff later found to be innocent of the crime for which he was convicted had established a genuine issue of material fact as to whether police fabrication violated substantive due process. *Id.* at *8. Importantly, *Laughman's* facts differ significantly from the facts alleged here because the plaintiff in *Laughman* was innocent of the crime of conviction. In contrast, even viewing the facts in the light most favorable to

Washington, as we must at this stage, *see Sikirica*, 416 F.3d at 219, Washington has not alleged that the police fabricated evidence of his guilt. Rather, his claim asserts only that the police fabricated evidence to establish probable cause for his arrest. We therefore conclude that Washington's incarceration for a crime he admits he committed did not deprive him of any liberty interest protected by the substantive due process clause.

We also conclude that Washington has not established a procedural due process violation. Although procedural due process may be a proper basis for a § 1983 claim,[3] Washington's brief merely recites the elements of a procedural due process claim without explaining what process he was owed and how that process was denied. Thus, he has failed to carry his burden of demonstrating that Defendant's conduct deprived him of any constitutionally-protected procedural due process right. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (noting that plaintiff bears the burden of proof on essential elements of § 1983 claims).

## 2. Right of Access to the Court

Washington also argues that Defendants violated his due process right of access to the court. We have held that "[c]over-ups that prevent a person who has been wronged from vindicating his rights violate the right of access to the courts protected by the substantive due process clause." *Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir.

---

[3] The Supreme Court did not address the procedural due process implications of a prosecution absent probable cause in *Albright* because the petitioner did not raise a procedural due process claim. *Albright*, 510 U.S. at 271. Our cases interpreting *Albright* have suggested that § 1983 malicious prosecution claims may be predicated on constitutional provisions other than the Fourth Amendment, such as procedural due process. *See Torres v. McLaughlin*, 163 F.3d 169, 173 (3d Cir. 1998) ("[A] section 1983 malicious prosecution claim may . . . include police conduct that violates the Fourth Amendment, the procedural due process clause or other explicit text of the Constitution.").

2003). We explained in *Marasco*, however, that only "conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation." *Id.* Here, Washington has not alleged any evidence of a police cover-up that prevented him from vindicating his rights. In contrast, Washington was able to challenge his seizure in a pretrial suppression hearing as well as on appeal, where he was ultimately successful. We therefore affirm the District Court's grant of judgment on the pleadings as to Washington's claim that he was denied his right of access to the courts.

### 3. Remaining Claims

Each of Washington's final four claims—"deprivation of right to liberty"; "wrongful prosecution"; "wrongful conviction"; and "wrongful incarceration"— lack merit. We are not aware of, and Washington has failed to raise, any case of any court recognizing these causes of action. We therefore agree with the District Court that Defendants are entitled to judgment on the pleadings on these claims.

### B.

The parties address three remaining issues: first, they dispute the proper accrual date for Washington's proposed claims; second, they dispute whether Defendants waived their statute of limitations defense, which served as part of the basis for their motion for judgment on the pleadings; and, third, they dispute whether Defendants are entitled to qualified immunity. We need not address any of these issues at length.

Having concluded that Washington fails to allege a viable violation of his constitutional rights, any argument over when his proposed claims should accrue is

9

rendered moot. Similarly, we need not decide whether Appellees waived a statute of limitation defense because we do not affirm the grant of summary judgment on the basis that Washington's proposed claims are time-barred. Finally, because we conclude that Washington's claims do not make out a constitutional violation, we need not address questions of qualified immunity. *See Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997) (noting that a defendant must demonstrate that he is entitled to qualified immunity "[o]nly if the plaintiff carries [the] initial burden" of proving a violation of a clearly established constitutional right).

III.

For the foregoing reasons, we will affirm the judgment of the District Court.

10